IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2116-F

| | |
|---|---|
| DAVID A. HOSKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

On May 13, 2013, David A. Hoskins ("Hoskins" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus [D.E. 1], together with a "motion requesting waiver of filing fee and (3) strike filing fee rule" [D.E. 2].[1] On May 20, 2013, Hoskins filed an application to proceed in forma pauperis [D.E. 5]. On May 29 and June 26, 2013, Hoskins filed documents which are bizarre, irrelevant to the issues at hand, and voluminous [D.E. 6–7]. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Hoskins challenges his October 9, 2007 conviction in Wake County Superior Court for first-degree kidnapping and robbery with a dangerous weapon. Pet. [D.E. 1] 1. On August 29, 2011, Hoskins filed a section 2254 petition, which another court in this district dismissed on the merits,

---

[1] Hoskins is a familiar litigant to the federal courts of this state, having filed sixteen actions in three years. See Admin. Office of the U.S. Courts, PACER Case Locator, www.pacer.gov (search by name). Luckily for Hoskins, "dismissals of habeas petitions filed pursuant to sections 2254 or 2255 cannot constitute strikes for purposes of the PLRA." Jones v. Smith, 720 F.3d 142, 146 (2d Cir. 2013) (collecting cases).

and alternatively as untimely, on February 23, 2012. Pet. 9; see Hoskins v. State of North Carolina, No. 5:11-HC-2168-D, [D.E. 13] (E.D.N.C. Feb. 23, 2012) (unpublished). Hoskins appealed, and on June 26, 2012, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. Hoskins, No. 5:11-HC-2168-D, [D.E. 24]. Hoskins's latest petition again challenges his October 2007 convictions, apparently based on recent filings he made in state court. See Pet., Atts. [D.E. 1-2] 1–2 (9/12/12 state-court order).

Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010). This court does not have jurisdiction to review the matters set forth in Hoskins's current petition until the United States Court of Appeals for the Fourth Circuit authorizes such review. See 28 U.S.C. § 2244(b)(3)(A); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Hoskins's recent state-court postconviction proceedings did not reset his federal habeas petition count to zero and allow him to bypass AEDPA's requirements. See, e.g., Burton v. Stewart, 549 U.S. 147, 154 (2007).

Accordingly, Hoskins's habeas petition is DISMISSED without prejudice. Hoskins must seek authorization from the Fourth Circuit to file this application. The court DENIES AS MOOT Hoskins's motion [D.E. 2].

SO ORDERED. This __17__ day of March 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2